IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH L. SOMERVILLE, ID # 529020, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-1265-G |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Institutional Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted on September 8, 1987, for burglary of a habitation and was sentenced to life imprisonment. (Pet. at 2.) The court of appeals reversed the conviction because the "jury was selected in a racially discriminatory manner" and remanded the case for a new trial. *See Somerville v. State*, 792 S.W.2d 265, 266 (Tex. App. – Dallas 1990, pet. ref'd). Plaintiff was reconvicted on retrial and the court of appeals affirmed that conviction. *See Somerville v. State*, No. 05-92-00395-CR, slip op. (Tex. App. – Dallas Nov. 10, 1993, pet. ref'd).

Petitioner has previously challenged his conviction in federal court by way of a § 2254 petition. He first challenged his conviction in 1997, but the Court dismissed the petition for failure to exhaust his state habeas corpus remedies. *See Somerville v. Johnson*, 3:97-CV-1697-X (N.D. Tex.) (Judgment and Order dated Aug. 1, 1997). Petitioner again challenged his conviction in 1999. *See Somerville v. Johnson*, 3:99-CV-1673-P (N.D. Tex.) (Pet. received Jul., 1999). The Court found petitioner's claims to be barred by the statute of limitations. *Id.* at (Judgment and Order dated Jan. 25, 2000). In February 2002, petitioner filed a federal petition raising the same claims as in his 1999 federal petition. *See Somerville v. Cockrell*, 3:02-CV-380-L (N.D. Tex.) (Recommendation of Mag. J. dated Aug. 26, 2002). The Court dismissed the 2002 petition without prejudice pending review by a three-judge panel of the Court of Appeals. *See id.* at (Judgment and Order dated Oct. 29, 2002).

Because petitioner has previously challenged his conviction, the Court must determine whether this petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v.*

*Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's 1999 and 2002 petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his 1999 federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

---

[1]Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, it is likewise appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

Petitioner concedes that he challenges his conviction on previously raised grounds, although he also raises new grounds. Because it raises claims that petitioner raised or could have raised in his 1999 petition, this petition is successive within the meaning of 28 U.S.C. § 2244(b). Petitioner presents no reason why he could not have raised his new claims in his initial petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district

4

court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, dismissal without prejudice is warranted. This Court has already informed petitioner that he must seek leave from the Fifth Circuit to file a second or successive petition. By filing this successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process.

### III. SANCTIONS

Petitioner has filed two prior federal habeas actions challenging his conviction, so the Court considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Because petitioner has now filed three petitions challenging the same conviction, it is appropriate to admonish or warn him that sanctions may be imposed if he files another successive habeas petition without first obtaining authorization from the Fifth Circuit. If he files another petition challenging this conviction, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

SIGNED this 28th day of October, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE